UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE GULF STATES LONG TERM ACUTE CARE OF COVINGTON, L.L.C. | * * * | CIVIL ACTION |
| | | NO: 11-1659 |
| DAVID V. ADLER, DISBURSING AGENT | * * | |
| Plaintiff | * * | |
| VERSUS | * * | SECTION "H" |
| GREGORY M. WALKER, et al. Defendants | * * | JUDGE MILAZZO |

******************************************************************************

## ORDER AND REASONS

Before the Court are the Motion to Dismiss for Lack of Jurisdiction by Defendants Gregory D. Frost and Breazeale, Sachse & Wilson LLP (Doc. 98) and the Motion to Dismiss for Lack of Jurisdiction by Defendants Jamestown, Inc; Jamestown Gaming, LLC; New Braunfels Healthcare Properties, LLC; Gulf States Meadows, LP; and Gulf States Healthcare Properties of Dallas, LLC. (Doc. 120.) For the reasons stated below, these Motions are **GRANTED**. Plaintiff's claims against Gregory D. Frost; Breazeale, Sachse & Wilson LLP; Jamestown, Inc; Jamestown Gaming, LLC; New

1

Braunfels Healthcare Properties, LLC; Gulf States Meadows, LP; and Gulf States Healthcare Properties of Dallas, LLC are **DISMISSED**.

## BACKGROUND

This case is connected to an underlying bankruptcy and was originally filed in bankruptcy court. Plaintiff David V. Adler is the disbursing agent for Debtor Gulf States Long Term Acute Care of Covington, LLC. On April 20, 2009, Debtor filed for voluntary Chapter 11 bankruptcy, and on February 22, 2010, the bankruptcy court entered an order confirming Debtor's Third Amended Plan of Reorganization ("the Plan"). Plaintiff filed an adversary complaint on April 18, 2011, for the benefit of Debtor and its creditors against numerous defendants, alleging acts of misconduct related to Debtor's finances. The district court entered an order on August 25, 2011, withdrawing the reference to bankruptcy court.

Defendant Gregory Frost ("Frost") is a partner in the Baton Rouge office of the law firm Breazeale, Sasche & Wilson ("BSW") and specializes in health care law. Frost and the firm represented Debtor in connection with several financial transactions prior to its bankruptcy. Plaintiff alleges the following non-avoidance claims against Frost and BSW: legal malpractice, breach of fiduciary duty, breach of contract, conspiracy, and fraud. Plaintiff alleges that Defendants conspired to develop, facilitate, and implement a scheme to deprive Debtor of its assets, injuring Debtor and its creditors. In particular, Plaintiff claims that Frost and BSW participated in various schemes after Debtor filed for bankruptcy to conceal, transfer, and assign

2

Debtor's remaining assets to, among others, Debtor's post-filing manager.

Robert A. Maurin, III, a developer in Hammond, owned or controlled Jamestown, Inc; Jamestown Gaming, LLC; New Braunfels Healthcare Properties, LLC; Gulf States Meadows, LP; and Gulf States Healthcare Properties of Dallas, LLC (the "Jamestown Defendants"). Maurin was also a director of Gulf States Health Services, Inc., the parent company of Debtor. Plaintiff alleges that Debtor's payments to the Jamestown Defendants constitute avoidable and preferential transfers.

On January 3, 2012, Frost and BSW filed their Motion to Dismiss for Lack of Jurisdiction. Plaintiff filed a Response in Opposition to the Motion on January 24, 2012, and Frost and BSW filed a Reply to the Response on January 31, 2012. On January 24, 2012, Jamestown Defendants filed their Motion to Dismiss for Lack of Jurisdiction. Plaintiff and Intervenor Plaintiff filed their Responses in Opposition to the Motion on February 7, 2012. The Jamestown Defendants filed their Replies to the Responses on February 9, 2012. The Court heard oral argument on the Motions on February 15, 2012 and took the Motions under submission at that time. This Order refers to Frost, BSW, and the Jamestown Defendants collectively as "Moving Defendants."

**LEGAL STANDARD**

If at any time the court determines it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining its subject matter jurisdiction, a district court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

3

resolution of disputed facts." *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010).

"A case is property dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com*, *Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). A party seeking to invoke federal court jurisdiction must present an actual case or controversy. *See* U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). Standing is an element of the constitutional requirement of "case or controversy," *Lang v. French*, 154 F.3d 217, 222 n.28 (5th Cir. 1998), and lack of standing deprives the court of subject matter jurisdiction. *Dynasty Oil & Gas, LLC v. Citizens Bank* (*In re United Operating, LLC*), 540 F.3d 351, 354-355 n.1 (5th Cir. 2008). The party seeking to invoke federal jurisdiction has the burden of establishing that it has standing to bring claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Grant v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003).

**DISCUSSION**

Plaintiff brings non-avoidance, state law claims against all Moving Defendants, as well as avoidance claims against the Jamestown Defendants. The Court finds that the Plan failed to reserve both the avoidance and non-avoidance claims. Accordingly, the Motions to Dismiss are granted, and Plaintiff's claims against Moving Defendants are dismissed.

> I.   *Plaintiff's Non-Avoidance Claims against Moving Defendants*

Moving Defendants argue that Plaintiff lacks standing to bring its non-avoidance claims against them because the Debtor did not sufficiently reserve these claims in its plan of reorganization or related disclosure statement.  In contrast, Plaintiff argues that, taken together, the language in the Plan and the disclosure statement is sufficient to reserve these claims.  For the reasons stated below, the Motions are granted as to Plaintiff's non-avoidance claims.

During a Chapter 11 bankruptcy case, a debtor has most of the powers of a bankruptcy trustee to pursue claims on behalf of its estate.  *In re United Operating*, 540 F.3d at 355 (citing 11 U.S.C. § 1107(a)).  Once a reorganization plan is confirmed, however, the debtor loses its status as debtor-in-possession and, unless the plan expressly retains the right to pursue such actions, loses its authority to pursue claims as though it were a trustee.  *Id.*  Section 1123(b)(3) allows a reorganized debtor to bring a post-confirmation action if the debtor preserves its standing to bring such a claim.  11 U.S.C.A. § 1123(b)(3) (West 2011).  In the Fifth Circuit, the reservation of claims must be "specific and unequivocal."  *In re United Operating*, 540 F.3d at 355 (citing *Harstad v. First American Bank*, 39 F.3d 898, 902 (8th Cir. 1994)).  Absent a sufficient reservation, the debtor lacks standing to pursue claims that the estate owned before dissolution.  *Id.*  The purpose of this rule is to give creditors notice of any claim the debtor wishes to pursue post-confirmation.  *Id.*  Notice enables creditors to make an intelligent decision as to whether to vote for or against a proposed plan.  *Id.*

Courts may consider the disclosure statement in addition to the reorganization plan when determining whether the trustee has standing to pursue a claim after confirmation of the plan. *Spicer v. Laguna Madre Oil & Gas II, LLC (In re Texas Wyoming Drilling, Inc.),* 647 F.3d 547, 551-52 (5th Cir. 2011). Courts interpret reorganization plans using "traditional tools of contractual interpretations." *Nat'l Benevolent Ass'n of the Christian Church v. Weil, Gotshal & Manges, LLP (In re Nat'l Benevolent Ass'n of the Christian Church),* 333 Fed.Appx 822, 828 (5th Cir. 2009) (unpub.) (quoting *Advisory Comm. of Major Funding Corp. v. Sommers (In re Advisory Comm. of Major Funding Corp.)*, 109 F.3d 219, 222 (5th Cir. 1997)). In the present case, the Court must decide whether Debtor's plan and disclosure statements specifically and unequivocally preserved the non-avoidance claims brought against the Moving Defendants.

Room for debate exists as to what a debtor must state in its reorganization plan to meet the "specific and unequivocal" requirement. *See Crescent Res. Litig. Trust v. Burr (In re Crescent Res.),* No. 11-1013, 2011 WL 3022567, at *6 (Bankr.W.D.Tex. July 22, 2011). Most courts in the Fifth Circuit addressing the issue have found that the debtor's reorganization plan must reference specific claims but not necessarily specific defendants. *See id.* at *9-12. One court, however, has found that the plan must reference specific claims as well as specific defendants against which those claims will be brought. *In re MPF Holding U.S. LLC*, 443 B.R. 736 (Bankr.S.D.Tex. 2011). Courts examining the issue generally agree that the Fifth Circuit intended the "specific and unequivocal" test to be a bright-line rule. *See id.* at 741-42. This Court finds that Debtor's

6

reorganization plan failed to reference specific claims to a degree that satisfies the "specific and unequivocal" test. Accordingly, it unnecessary for the Court to determine whether the rule requires a plan to list specific defendants in addition to specific claims.

The Court finds that Debtor's Plan failed to reserve its non-avoidance claims against Moving Defendants specifically and unequivocally. Although the Plan generally reserves "[a]ny and all other claims and causes of action which may have been asserted by the Debtor prior to the Effective date, other than those released by the Debtor under the terms and conditions of the Plan," a general, catch-all reservation such as this one is insufficient under Fifth Circuit law to provide Plaintiff with standing to bring its non-avoidance claims against Moving Defendants. (Doc. 98-2, Ex. A § 6.04.02.) Under *In re United Operating*, a "blanket reservation of 'any and all claims'" is insufficient to preserve claims. 540 F.3d at 356. Accordingly, the language in § 6.04.02 of the Plan did not preserve Plaintiff's non-avoidance claims.

Likewise, the references to the pending derivative suit are insufficient to preserve Plaintiff's non-avoidance claims. Plaintiff argues that inclusion in the disclosure statement and reorganization plan of a derivative suit pending in state court at the time of the disclosure statement is sufficient to preserve Plaintiff's claims; however, the Court disagrees. Although the plan documents mention the derivative suit in passing, they do not list the specific claims pending in that suit. Additionally, the documents do not mention the derivative suit in the sections of the documents dedicated to reserving claims. Simply identifying a pending derivative suit is not

7

enough to constitute a "specific and unequivocal" reservation of potential claims arising out of the facts set forth in the derivative suit.

Lastly, Plaintiff argues that the section of the Plan retaining the bankruptcy court's jurisdiction reserves its non-avoidance claims. Specifically, the Plan retains the bankruptcy court's jurisdiction "[t]o hear and determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date or commenced thereafter." (Doc. 98-2, Ex. A § 8.01(5).) This language, however, is another blanket reservation of claims insufficient to meet the Fifth Circuit standard. Accordingly, Plaintiff's non-avoidance claims against Moving Defendants are dismissed.

## II. Plaintiff's Avoidance Claims against the Jamestown Defendants

In addition to the non-avoidance claims against Moving Defendants, Plaintiff brings avoidance claims against the Jamestown Defendants. For the reasons stated below, the Court finds that Debtor's Reorganization Plan did not adequately reserve those claims, and Plaintiff's avoidance claims against the Jamestown Defendants are dismissed.

Although the Plan reserves "potential fraudulent conveyance actions . . . against the Debtor's former management and/or related parties . . .," the Plan also provides an exclusive list of defendants against whom those claims may be brought, and Moving Defendants are not included in that list. (Doc. 98-2, Ex. A § 6.04.01.) The section of the disclosure statement entitled "Avoidance Actions and Fraudulent Transfers" is identical to the language contained in section

6.04.01 of the Plan. Applying traditional contractual interpretation principles, the choice of the word "namely," indicates that the intent of the parties was that the list be an exhaustive list. "Namely" means "by name or particular mention." *Black's Law Dictionary* (9th ed. 2009). Black's goes on to explain: "The term indicates what is to be included by name. By contrast, *including* implies a partial list and indicates that something is not listed." *Id.* (emphasis in original). As a result, creditors reviewing the Plan would not be put on notice of potential avoidance actions against defendants not included in this list. Accordingly, the Reorganization Plan did not specifically and unequivocally reserve Plaintiff's avoidance claims against the Jamestown Defendants, and those claims are dismissed.

## CONCLUSION

The Court finds that Plaintiff's Third Amended Plan of Reorganization failed to reserve specifically and unequivocally its claims against Moving Defendants. Accordingly, the Motions are **GRANTED**. Plaintiff's claims against Gregory D. Frost; Breazeale, Sachse & Wilson LLP; Jamestown, Inc; Jamestown Gaming, LLC; New Braunfels Healthcare Properties, LLC; Gulf States Meadows, LP; and Gulf States Healthcare Properties of Dallas, LLC are **DISMISSED**.

New Orleans, Louisiana, on this 5th day of March, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE