UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES LONG TERM
ACUTE CARE OF COVINGTON, L.L.C.

CIVIL ACTION

NO: 11-1659 c/w 13-508

SECTION: "H"(5)

ORDER

Before the Court is a Motion to Reinstate (R. Doc. 433) the Motion for Summary Judgment (R. Doc. 282)[1] filed by Robert Maurin, III; Jamestown, Inc; Jamestown Gaming, LLC; New Braunsfel Healthcare Properties, LLC; Gulf States Meadows, LP; and Gulf States Healthcare Properties of Dallas, LLC (collectively "Intervening Defendants").  In their Motion for Summary Judgment, Intervening Defendants seek to dismiss Sodexo's fraud and veil-piercing claims.  The Motion does not support dismissal of either claim.

As to the fraud claim, Intervening Defendants do not argue that the record is devoid of evidence to support the claim.  Rather, the Motion is directly solely towards attacking the

---

[1] The Court previously dismissed the Motion for Summary Judgment without prejudice, following a request by the parties that the Court take no action on all motions involving claims by Intervening Plaintiff Sodexo Operations, LLC ("Sodexo").

1

sufficiency with which Sodexo pleaded fraudulent misconduct in its complaints in intervention.[2] Thus, the motion is more properly brought as one for judgment on the pleadings under Rule 12(c). Moreover, Sodexo has since filed a third amended complaint in intervention, which adds additional allegations of fraudulent conduct. The new complaint arguably renders moot any previous motion that attacks the sufficiency of the pleadings. *See Melson v. Vista World Inc., & Assocs.*, 2012 WL 6002680, at *12  (E.D. La. Nov. 30, 2012).

The Motion for Summary Judgment also does not support dismissal of Sodexo's veil-piercing claims.  As Intervening Defendants note in their memorandum in support, Rule 56 requires the moving party to support its motion by: (1) citing to particular parts of the record, (2) showing that the materials cited do not establish the presence of a genuine dispute, or (3) showing that the adverse party cannot produce admissible evidence to support its claim. *See* Fed. R. Civ. P. 56(c)(1). In other words, "a party seeking summary judgment always bears the initial responsibility of . . . identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  Despite attaching more than one-thousand pages of exhibits to its Motion, neither the memorandum in support nor the statement of uncontested material facts contains a *single* citation

---

[2] At the time Intervening Defendants filed their Motion for Summary Judgment, Sodexo had already amended its intervenor complaint twice.

to those exhibits.  It is not the task of the Court to sift through reams of paper in search of evidentiary support for the factual assertions in a summary judgment motion.  Where, as here, a party fails to supports an assertion of fact as required by Rule 56(c)(1), the Court may allow the offending party to properly support or address the fact.  Fed. R. Civ. P. 56(e)(1).

Given the foregoing;

**IT IS ORDERED** that the Motion to Reinstate is **DENIED**.  Intervening Defendants are not precluded from filing a properly-supported motion for summary judgment or judgment on the pleadings.

**IT IS FURTHER ORDERED** that to the extent this Order is inconsistent with the Court's previous Order (R. Doc. 403), the latter is modified accordingly.  See Fed R. Civ. P. 54(b).

New Orleans, Louisiana, this 15th day of November, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**