**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


                                                    **CIVIL ACTION**


**IN RE GULF STATES LONG TERM**
**ACUTE CARE OF COVINGTON, L.L.C.**              **NO: 11-1659 c/w 13-508**


                                                    **SECTION: "H"(5)**



**ORDER AND REASONS**

Before the Court is a Request for Leave to File an Amended Complaint (R. Doc. 481).  For

the following reasons, the Request is DENIED.  Plaintiff in Intervention Sodexo Operations, LLC,

("Sodexo") may not file any further amended pleadings.



**BACKGROUND**

This case is connected to an underlying bankruptcy proceeding.  On November 23, 2011,

Sodexo filed a complaint in intervention against most of the named defendants in the bankruptcy

proceeding.  Sodexo also added as defendants Gregory Frost and Brezeale, Sachse & Wilson, LLP

1

(collectively "Frost & BSW").  Sodexo asserted claims against Frost & BSW for fraud and intentional interference with contract.  Sodexo also alleged other instances of misconduct.[1]

On October 3, 2012, the Court granted Frost & BSW's motion to dismiss Sodexo's first amended complaint and dismissed Sodexo's claims without prejudice.  Sodexo filed its second amended complaint on October 23, 2012.  Frost & BSW responded with a second motion to dismiss on November 6, 2012.  The Court held multiple status conferences while the second motion was pending.  Although the Court's previous scheduling order was ultimately vacated, the Court set a firm deadline of March 21, 2013, for the amendment of pleadings.  On the last possible date for filing, Sodexo filed its third amended complaint, which added additional allegations of fraud and misconduct against Frost & BSW.  Accordingly, the Court denied the second motion  to dismiss as moot.  On April 2, 2013, Frost & BSW filed yet another motion to dismiss, this one directed at Sodexo's third amended complaint.  The motion was set for submission and fully briefed on April 24, 2013.

On June 20, 2013, Sodexo informed the Court that settlement negotiations were ongoing, which, if successful, would resolve Sodexo's claims.  Sodexo requested the Court not take any action on, *inter alia*, Frost & BSW's third motion to dismiss.[2]  Accordingly, on August 5, 2013, the

---

[1] Given the rather prolix nature of Sodexo's pleadings, it is difficult to ascertain exactly which claims Sodexo asserts against each Defendant in Intervention.

[2] Frost & BSW did not oppose this request.

Court denied the motion without prejudice, to be re-urged should settlement negotiations prove unsuccessful.  Settlement was not achieved to Sodexo's satisfaction.  Thus, on November 5, 2013, Frost & BSW re-urged their third motion to dismiss.  Sodexo opposed the motion and contemporaneously sought leave to file a fourth amended complaint.  The latter was referred to the magistrate judge assigned to this case, who denied the motion without prejudice on December 18, 2013.  The magistrate judge instructed Sodexo to raise the issue of amendment by filing a supplemental opposition to Frost & BSW's third motion to dismiss.[3]  Sodexo filed the supplemental opposition on January 5, 2014.

## LEGAL STANDARD

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."  The Fifth Circuit has held, however, that "a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."[4]  *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012) (citing Fed. R. Civ. P. 16(b)(4)).  Thus, with respect to an

---

[3] The net effect of this ruling was to re-refer the motion for leave to amend to the undersigned.

[4] Sodexo contends Rule 16(b)(4) does not apply, because the amendment deadline was not set forth in a formal Rule 16 scheduling order.  The Court disagrees.  Sodexo cites no authority in support of its position, nor can the Court find any.  Rather, the Court finds that Rule 16's "good cause" standard is the appropriate measure for assessing a post-deadline motion to amend, irrespective of the source of that deadline.

untimely motion to amend, a party must show good cause before the trial court will apply the more liberal standard set forth in Rule 15(a).  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  "The grant or denial of an opportunity to amend is within the discretion of the District Court."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because the deadline for amending pleadings is well past, the Court analyzes the instant Request under Rule 16(b)(4).

## LAW AND ANALYSIS

The balance of factors relevant to a Rule 16 determination weighs heavily against permitting the requested amendment.  Sodexo appears to contend it could not file its amended complaint on time, because the facts which form the basis of the amendment—depositions of Frost and Greg Maurin that occurred during the week of March 25, 2013—were discovered *after* the Court's March 21 pleading deadline.  Yet the law in the Fifth Circuit is clear that "the who, what, when, and where [of a fraud claim] must be laid out *before* access to the discovery process is granted."  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (emphasis in original). It follows that information obtained during discovery generally cannot provide the good cause

4

necessary to amend a complaint, at least when a motion to dismiss is already pending. A ruling to the contrary would encourage frivolous actions for fraud with the hope that the plaintiff could later supplement its complaint with information learned during discovery. The Court cannot countenance such fishing expeditions without thwarting the purpose of Rule 9(b). *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009) ("Rule 9(b) . . . prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'"). Thus, any fish caught during this expedition must be returned, no matter how big nor tempting. Finally, the Court notes at least one district court in the Fifth Circuit has rejected an untimely attempt to amend a fraud complaint based on facts learned during discovery. *See USA for the Use and Benefit of Siemens Bldg. Techs., Inc. v. Grot, Inc.*, No. 4:05CV77, 2005 WL 2012263, at \*\*2–3 (E.D. Tex. Aug. 19, 2005).[5]

As to the second factor—the importance of the amendment—Sodexo contends amendment is necessary because Frost & BSW's third motion to dismiss repeatedly references and misrepresents discovery material. Sodexo contends it should be allowed to respond to those misrepresentations in an amended complaint. This argument fails for two reasons. First, the third motion to dismiss makes only limited reference to evidence outside of the pleadings. Moreover, these references occur in three footnotes. In two of those footnotes, Frost & BSW specifically note

---

[5] *But see Mobius Risk Grp., LLC v. Global Clean Energy Holdings, LLC*, No. H–10–1708, 2011 WL 2193294, at \*5 (S.D. Tex. June 6, 2011) ("New information learned during discovery is good cause to amend under Rule 16.").

the evidence cited therein cannot be considered by the Court on a motion to dismiss.  Second, to the extent Frost & BSW's motion presents matters outside the pleadings, the Court exercises its discretion under Rule 12(d) to exclude those matters from consideration.  *See Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

Any argument that the requested amendment is important is also belied by the length of time that elapsed between the depositions of Frost and Maurin, and the instant Request.  As discussed *supra*, the depositions occurred the week of March 25, 2013.  Frost and BSW filed their third motion to dismiss on April 2, 2013.  Rather than seek leave to amend its complaint with the newly discovered information, Sodexo opposed the motion on the merits.  It was not until approximately five months later—after the third motion to dismiss had been denied without prejudice and subsequently re-urged—that Sodexo sought leave to amend.

The third and fourth factors also militate in favor of denying leave to amend.  Another continuance would clearly prejudice Frost & BSW.  Sodexo's claims against them have been pending for more than two years.  The third motion to dismiss (re-urged) represents Frost & BSW's fourth attempt to challenge the legal sufficiency of Sodexo's claims.  Rather than respond to the later motions on the merits, Sodexo's practice has been to seek leave to retroactively bolster its allegations with a new complaint.  Given the unique posture of this case, the Court has largely indulged this tactic but will do so no longer.  Another continuance would necessarily "result[] in additional delay and increase[] the expense of defending the lawsuit."  *Geiserman v. Macdonald*,

6

893 F.2d 787, 792 (5th Cir. 1990).


**CONCLUSION**

For the reasons previously stated, Sodexo has failed to demonstrate the good cause necessary to permit the untimely filing of an amended complaint.  The Court will adjudicate Frost and BSW's third motion to dismiss on the basis of the allegations set forth in Sodexo's third amended complaint.


New Orleans, Louisiana, this 8th day of January, 2014.



**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**