UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES LONG TERM
ACUTE CARE OF COVINGTON, L.L.C.

CIVIL ACTION

NO: 11-1659 c/w 13-508

SECTION: "H"(5)

**ORDER AND REASONS**

Before the Court is a Motion for Review (R. Doc. 487) of the Magistrate Judge's Order (R. Doc. 484) denying Plaintiff's Motion for Leave to File a Third Amended Complaint (R. Doc. 447). For the following reasons, the Magistrate Judge's decision is AFFIRMED.

**BACKGROUND**

This case is connected to an underlying bankruptcy proceeding and was originally filed in bankruptcy court. Plaintiff David Adler is the disbursing agent of the debtor. Pursuant to an order of the bankruptcy court, Plaintiff filed an adversary complaint on April 18, 2011. The adversary

1

proceeding was transferred to this Court on August 25, 2011. Plaintiff amended his complaint on September 12, 2011, and again on March 21, 2013, the last day for amendment of pleadings.

On December 6, 2013, Plaintiff moved for leave to file a third amended complaint, which was referred to the Magistrate Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(A). The Motion was denied on January 8, 2014, "in light of the expiration for the deadline for amendments to pleadings." Plaintiff appealed this decision to the undersigned.

**LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions. 28 U.S.C. § 636(b)(1)(A). A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters. *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006). A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling. Fed. R. Civ. P. 72(a). The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed." *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

**LAW AND ANALYSIS**

Plaintiff contends the Magistrate Judge's denial of his motion for leave to file an amended complaint was clearly erroneous, because she failed to apply the correct legal standard. Specifically, Plaintiff argues Rule 15(a) requires a trial court to grant leave to amend unless there is a "substantial reason" for denying the request. According to Plaintiff, the expiration of the deadline for amending pleadings does not constitute such a substantial reason. As explained more fully below, Plaintiff's argument is premised on a fundamental misunderstanding of Rule 15.

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fifth Circuit has held, however, that "a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension." *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012) (citing Fed. R. Civ. P. 16(b)(4)). Thus, with respect to an untimely motion to amend, a party must show good cause under Rule 16(b)(4) before the trial court will apply the more liberal standard set forth in Rule 15(a). *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

3

Because the deadline for amending pleadings is well past, the Magistrate Judge correctly adjudicated Plaintiff's Motion under the stricter standard provided in Rule 16(b)(4). Having reviewed the Motion, the arguments of counsel, and the relevant law, the Court is not left with a definite and firm conviction that a mistake has been committed. To the contrary, the Magistrate Judge's ruling was a prudent exercise of her discretion, which this Court will not disturb on appeal.

## CONCLUSION

For the reasons previously stated, Plaintiff has failed to demonstrate that the denial of his motion for leave to file a third amended complaint is clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's ruling is AFFIRMED.

New Orleans, Louisiana, this 27th day of January, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**