UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES LONG TERM
ACUTE CARE OF COVINGTON, L.L.C.

CIVIL ACTION

NO: 11-1659 c/w 13-508

SECTION: "H"(5)

ORDER AND REASONS

Before the Court is a Motion to Dismiss Appeal (R. Doc. 359) filed by Appellee David Adler. For the following reasons, the Motion is DENIED.

BACKGROUND

This appeal derives from a bankruptcy proceeding in which Gulf States Long Term Acute Care of Covington ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code. The bankruptcy court confirmed Debtor's Third Amended Plan of Reorganization (the "Plan") on February 22, 2010. In his capacity as disbursing agent for Debtor, Appellee filed a motion for

1

clarification of the Plan.  The bankruptcy court granted the motion in part and ordered as follows:

> that . . . Disbursing Agent . . . may not pursue any claims against Robert A. Maurin; Gregory Frost; Breazeale, Sachse & Wilson, LLP; Jamestown, Inc.; Jamestown Gaming, L.L.C.; Gulf States Meadows, LP; Gulf States Healthcare Properties of Dallas, L.L.C.; Gulf States of Dallas Holdings, L.L.C.; New Braunfels Healthcare Properties, L.L.C. ["Part 1"]
>
> that . . . Disbursing Agent . . . may pursue claims against Gulf States of Dallas Holdings, L.L.C.; B & G Healthcare Properties, L.L.C.; Jamestown Healthcare Properties of Dallas, L.L.C.; and Gregory Walker.  ["Part 2"]
>
> that [Disbursing Agent] may also pursue, if successful on any retained causes of action, all means of collection, including, but not limited to, the assertion of veil piercing or alter ego theories of recovery against Maurin.  ["Part 3"]

Robert Maurin, Jamestown, Inc., Jamestown Gaming, L.L.C., Gulf States Meadows, LP, Gulf States Healthcare Properties of Dallas, L.L.C., and New Braunfels Healthcare Properties, L.L.C. (collectively "Appellants") appealed Part 2 and Part 3 of the bankruptcy court's order.  Appellee responded with a motion to dismiss, arguing that Appellants lack standing to appeal.

**LEGAL STANDARD**

A party aggrieved by the ruling of a bankruptcy court may appeal to the district court.  28 U.S.C. § 158(a).  Because Article III of the United States Constitution is inapplicable to bankruptcy courts, standing to appeal a bankruptcy ruling derived originally from statute, which limited the

2

right of appeal to "persons aggrieved." *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 210 n.18 (5th Cir. 1994). Although the applicable statute has since been repealed, the "persons aggrieved" test continues to govern the standing inquiry in bankruptcy appeals. *Id.*; *In re Coho Energy Inc.,* 395 F.3d 198, 202 (5th Cir. 2004).

In order to establish standing to appeal a bankruptcy order, the putative appellant must prove "that it was directly and adversely affected pecuniarily by the order, or that the order diminished its property, increased its burdens or impaired its rights."[1] *In re Cajun Elec. Power Coop., Inc.*, 69 F.3d 746, 749 (5th Cir. 1995) (internal quotation marks omitted), *withdrawn in part*, 74 F.3d 599 (5th Cir. 1996). The "persons aggrieved" test requires "a higher causal nexus between act and injury" than its Article III counterpart. *In re Coho*, 395 F.3d at 202–03. A more exacting standard was borne of necessity. *See In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983). Given that

---

[1] *In re Cajun* articulated this test as disjunctive, *i.e.*, that a party can establish standing by showing (a) that it was directly and adversely affected pecuniarily, *or* (b) that its property was diminished, its burdens increased, or its rights impaired. The Court notes in passing that the panel may have been mistaken in stating that the test comprises two alternative requirements. The case upon which *In re Cajun* relies—*In re El San Juan Hotel*—states that "[a] litigant qualifies as a 'person aggrieved' *if* the order diminishes his property, increases his burdens, or impairs his rights." 809 F.3d 151, 154 (1st Cir. 1987) (emphasis added). Thus, it appears that a court should examine a putative litigant's property, burdens, or rights not as a stand-alone alternative but instead as a means for determining whether that party has been adversely affected by a bankruptcy order. Most circuits have articulated the "persons aggrieved" test thusly. *See, e.g.*, *In re Troutman Enters.*, 286 F.3d 359, 364 (6th Cir. 2002); *In re DuPage Boiler Works, Inc.*, 965 F.3d 296, 297 (7th Cir. 1992); *In re Westwood Cmty. Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002); *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000); *In re Marlar*, 267 F.3d 749, 753 n.1 (8th Cir. 2001). Indeed, the Fifth Circuit's latest published opinion omits any suggestion of alternative requirements for standing. *See generally In re Coho Energy, Inc.*, 395 F.3d 198 (5th Cir. 2004). Instead, the court stated that a litigant "*must* show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court in order to have standing to appeal." *Id.* at 203. (emphasis added) (internal quotation marks omitted).

bankruptcy litigation typically involves numerous interested parties, "efficient judicial administration" requires that appellate courts delimit standing to those whose interests are *directly* affected. *Id.*; *see also In re Coho*, 395 F.3d at 202–03.

**LAW AND ANALYSIS**

In support of his motion to dismiss, Appellee notes that Part 1 of the bankruptcy order unequivocally precludes him from asserting any claims against Appellants. Accordingly, Appellee argues Appellants are not directly and adversely affected pecuniarily by the order. The Court disagrees.

Part 2 provides that Appellee may pursue claims against Gulf States of Dallas Holdings, L.L.C., B & G Healthcare Properties, L.L.C., Jamestown Healthcare Properties of Dallas, L.L.C., and Gregory Walker. Part 3 authorizes Appellee to pursue "all means of collection" against these parties "including, but not limited to, the assertion of veil piercing or alter ego theories of recovery against Maurin." Thus, if a money judgment is rendered against any of the entities listed in Part 2, Part 3 allows Appellee to pierce the corporate veil in order to collect from Appellants (or any other entity). Given that Appellee has filed an adversary complaint against, *inter alia*, the parties listed in Part 2, the Court finds that Appellants are sufficiently aggrieved by the bankruptcy order to establish appellate standing. A veil-piercing action would undoubtedly increase the burdens of Appellants and diminish their property.

That a money judgment has not yet been entered against the parties in Part 2—and thus that Appellants are not currently subject to liability as contemplated by Part 3—is not dispositive.[2] Parties who wish to appeal a bankruptcy ruling to the district court must do so within fourteen days of the order or judgment from which relief is sought. *See* Fed. R. Bankr. P. 8001(a); 8002(a).[3] A finding that Appellants lack standing until judgment is rendered in the adversary complaint would destroy any realistic possibility of appeal: Appellants (and those similarly situated) would be precluded from filing an appeal unless the adversary complaint is decided within fourteen days of the challenged bankruptcy ruling. Such a bright-line rule would be highly inequitable, especially where, as here, an adversary complaint has already been filed at the time appellate relief is sought.

Moreover, dismissal of the instant appeal is not supported by the jurisprudence. Courts in the Fifth Circuit "use[] a permissive standard to assess the actuality of the harm alleged by [an] appellant for the purpose of standing." *In re Coho Energy Inc.*, 385 F.3d at 202. Given that an adversary complaint is currently pending against the parties listed in Part 2 of the bankruptcy order, the Court finds Appellants have carried their burden of establishing standing.

---

[2] Appellants are not yet subject to liability, because "[a] veil-piercing claim is ancillary—it is not actionable unless a corporate defendant is cast in judgment." *Port of S. La. v. Tri–Parish Indus., Inc.*, Nos. 11–3065, 12–433, 2013 WL 2394859, at *3 (E.D. La. May 28, 2013).

[3] The failure to file timely a notice of appeal deprives a district court of jurisdiction, *In re Berman–Smith*, 737 F.3d 997, 1000 (5th Cir. 2013) (per curiam), and no appeal may be taken later. Fed. R. Bankr. P. 8002(c) advisory committee's note.

## CONCLUSION

For the reasons previously stated, Appellants have standing to appeal the challenged bankruptcy order. Accordingly, the Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 3rd day of February, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**