UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES LONG TERM
ACUTE CARE OF COVINGTON, L.L.C.

CIVIL ACTION

NO: 11-1659 c/w 13-508

SECTION: "H"(5)

**ORDER AND REASONS**

Before the Court is Plaintiff David Adler's[1] Motion for Reconsideration (R. Doc 364) of this Court's previous Order (R. Doc. 143) dismissing Jamestown, Inc; Jamestown Gaming, LLC; New Braunfels Healthcare Properties, LLC; Gulf States Meadows, LP; Gulf States Healthcare Properties of Dallas, LLC (the "Jamestown Defendants"); Gregory Frost ("Frost"); and Breazeale, Sachse & Wilson ("BSW") (collectively the "Opposing Parties").  For the following reasons, the Motion is DENIED.

---

[1] Plaintiff is the disbursing agent for Debtor Gulf States Long Term Acute Care of Covington, LLC.

1

**BACKGROUND**

The facts of this matter are set forth in a previous Order in which the Court dismissed Plaintiff's avoidance and non-avoidance claims against the Opposing Parties. *See generally In re Gulf States Long Term Acute Care of Covington, LLC*, No. 11–1659, 2012 WL 7102394 (E.D. La. Mar. 5, 2012). The Court found that Debtor's Third Amended Plan of Reorganization (the "Plan") failed to reserve specifically and unequivocally claims against the Opposing Parties. *Id.* at *2–4. Accordingly, the Court dismissed Plaintiff's claims for lack of standing. *See id.* at *4. Plaintiff now moves this Court to reconsider its ruling. The Motions are separately opposed by the Jamestown Defendants and Frost (jointly) with BSW.[2]

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" *in haec verba*. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994) (en banc). Motions so denominated are assessed under Rules 54(b), 59, and 60. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 3:10–CV–1842–G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012). Because Rules 59 and 60 only apply to final judgments, a motion to reconsider that challenges an

---

[2] The Jamestown Defendants have developed a rather tiresome habit of utilizing excessive bolding, underlining, capital letters, and exclamation points. Counsel is advised to refrain from gratuitous punctuation in future briefing before this Court.

2

interlocutory order is analyzed pursuant to Rule 54(b).  *Gulf Fleet Tiger Acquisition, LLC v. Thoma–Sea Ship Builders, LLC*, Nos. 10–1440, 10–1802, 282 F.R.D. 146, 151–52 (E.D. La. 2012).

Rule 54(b) permits the district court to reconsider an interlocutory order for any reasons it deems sufficient.  *United States v. Randa,* 709 F.3d 472, 479 (5th Cir. 2013).  Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).  *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).

A Rule 59(e) motion challenges the correctness of a judgment, or in this case, an interlocutory order.  *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  Such motions are not "the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Instead, Rule 59(e) serves the narrow purpose of correcting "manifest error[s] of law or fact or . . . present[ing] newly discovered evidence." *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (internal quotation marks omitted).  Altering, amending, or reconsidering a judgment "[i]s an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479.  While district courts have "considerable discretion" in deciding a Rule 59(e) motion, *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995), denial is favored.  *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**LAW AND ANALYSIS**

Plaintiff moves this Court to reconsider its prior Order dismissing his avoidance and non-avoidance claims against the Opposing Parties. He contends a Fifth Circuit decision issued subsequent to that Order—*In re MPF Holdings US LLC*—establishes his standing to pursue claims against the Opposing Parties. 701 F.3d 499 (5th Cir. 2012). The Court disagrees, for the reasons explained more fully below. Accordingly, the Motion for Reconsideration is denied.

The filing of a bankruptcy petition under Chapter 11 creates an estate comprised of the debtor's property, including any causes of action belonging to the debtor. *In re SI Restructuring*, 714 F.3d 860, 864 (5th Cir. 2013). Enforcement of these actions generally falls to the debtor-in-possession, which assumes most of the powers of a bankruptcy trustee to pursue claims on behalf of the estate. *Id.* Once a reorganization plan is confirmed, however, the bankruptcy estate ceases to exist, and the debtor loses its status as debtor-in-possession and therefore its standing to pursue claims formerly belonging to the estate. *See In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008). Nonetheless, a debtor may preserve its standing to bring those claims if the reorganization plan "expressly provides for [a] claim's 'retention and enforcement by the debtor.'" *Id.* (quoting 11 U.S.C. § 1123(b)(3)(B)).[3] The reservation of a particular claim must be "specific and unequivocal." *Id.* Thus, in determining whether Plaintiff has standing to pursue claims against the

---

[3] Courts may also consult the disclosure statement. *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 551 (5th Cir. 2011).

4

Opposing Parties, the analysis begins and ends with the Plan's language.  The Court's review is guided by traditional rules of contractual interpretation.  *See In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1335 (5th Cir. 1995).

I.      <u>Avoidance Claims</u>

Section 6.04.01 of the Plan is entitled "Avoidance Actions and Fraudulent Transfers" and reserves "[p]otential fraudulent conveyance actions . . . against the Debtor's former management and/or related parties."  As the Court explained in its previous Order, this Section also contains an exclusive list of defendants against whom fraudulent conveyance actions may be asserted.  *In re Gulf States*, 2012 WL 710924, at *4.  Because the Opposing Parties are not specifically mentioned, Plaintiff lacks standing to pursue avoidance actions against them.  *Id.*

Plaintiff contends *In re MPF Holdings US LLC* compels a different conclusion.  He cites this case for the proposition that "parties to be sued after confirmation need not be individually identified."  Plaintiff's interpretation of *In re MPF Holdings US LLC* is puzzling, to say the least. The plan in that case reserved to the Litigation Trustee  "all Causes of Action, including but not limited to, (i) any Avoidance Action that may exist against any party identified on Exhibits 3(b) and (c) of the Debtors' statements of financial affairs."  *In re MPF Holdings*, 701 F.3d at 452.  Shortly after confirmation, the Litigation Trustee initiated avoidance actions *but only against parties listed in Exhibits 3(b) and 3(c)*.  *Id.*  The Court ultimately found that the Litigation Trustee had standing because, *inter alia*, the plan identified each defendant sued by name. *Id.* at 457.

5

*In re MPF Holdings* is clearly inapposite. Whereas the debtor in that case only asserted avoidance actions against defendants specifically identified in the Plan, none of the Opposing Parties are specifically mentioned in Section 6.04.01. Nowhere does the Court in *In re MPF Holdings* suggest that prospective defendants need not be specifically identified in a plan,[4] much less that a plaintiff may sue defendants not named in the plan when the plan contains an exclusive listing of parties subject to suit. Accordingly, Plaintiff falls well short of demonstrating manifest error.

II.    Non-Avoidance Claims

Plaintiff also challenges the Court's dismissal of his non-avoidance claims against the Opposing Parties. He accuses the Court of ignoring the following provision in the Plan:

> I. Preservation of Causes of Action. Except as provided in Section 6.05 of the Plan, any and all Causes of Action the Debtor may have including, but not limited to, avoidance actions and claims related to the D&O Policy are preserved by the Debtor.

Plaintiff contends this provision specifically reserves all claims related to the D&O Policy. But this argument is rotten at its core: the above excerpt does not appear *anywhere* in the Plan or disclosure statement. The Court cannot ignore what does not exist.

The assertion of non-avoidance claims is governed by Section 6.04.02. This Section—

---

[4] Whether a debtor whose plan fails to identify any prospective defendants may pursue post-confirmation claims is still an open question in the Fifth Circuit. *See In re Tex. Wyo. Drilling*, 647 F.3d at 552 (declining to address the issue); *In re Diabetes Am., Inc.*, 485 B.R. 340, 346 (S.D. Tex. 2012) (acknowledging open question).

entitled "Other Causes of Action"—purports to reserve "[a]ny and all other claims and causes of action which may have been asserted by the Debtor prior to the Effective Date, other than those released by the Debtor." As previously noted, the Fifth Circuit has consistently found such blanket reservations insufficient to confer standing on a post-confirmation debtor. *See, e.g.*, *In re United Operating*, 540 F.3d at 356; *In re SI Restructuring*, 714 F.3d at 864–66.

      The fleeting reference to the D&O Policy in Section 6.04.02 does not affect the Court's conclusion. Section 6.04.02 authorizes the "Disbursing Agent . . . to use Net Pre-Transfer A/R to fund professional fees and expenses . . . incurred for the limited purpose[] of . . . prosecution of any claims under the D&O policy." Even assuming this language sufficiently reserves post-confirmation claims "under the D&O policy," it still does not confer standing on Plaintiff to pursue non-avoidance claims against the Opposing Parties. At most, Section 6.04.02 reserves Plaintiff's right to assert a claim against the insurance carrier of the D&O policy. A more expansive reading would belie the plain language of the Plan.

**CONCLUSION**

For the reasons previously stated, Plaintiff has failed to demonstrate sufficient cause to warrant the extraordinary remedy of reconsideration. Accordingly, the Motion is DENIED.

New Orleans, Louisiana, this 7th day of April, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**