UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES                                              CIVIL ACTION
LONG TERM ACUTE CARE
OF COVINGTON, L.L.C.                                           NUMBER: 11-1659
                                                               c/w 13-0508
DAVID W. ADLER,
DISBURSING AGENT                                               SECTION: "H"(5)

VERSUS

GREGORY M. WALKER, ET AL.

**ORDER AND REASONS**

The Court, having considered the law, the parties' original and supplemental submissions, and the arguments advanced by counsel during the course of the hearings held on April 16, 2014 and May 14, 2014, hereby rules on Sodexo's/Plaintiff's Motion for Order Compelling Compliance With Subpoenas (rec. doc. 524), as follows:

Exhibit "A" to the Notice of Records Depositions to Gregory Frost and Breazeale, Sachse & Wilson is modified by deleting category Nos. 2, 18, 28, 31, and 32.  Category No. 6(e) is limited to the financial institutions that are specifically named; Category No. 21 is modified by deleting the terms "… pertaining or …"; and Category No. 27 is modified by deleting the terms "… including those … ."  The documents responsive to Category No. 19

shall be produced unless Frost/BSW can provide a list identifying the enumerated individuals in lieu of production.  Category No. 34 has been withdrawn by Sodexo/Plaintiff.  Regarding the scope of the request set forth in Category No. 36, as discussed at the May 14 Hearing, responsive documents shall include those in the nature of any "outreach or marketing to potential investors."

Subject to the foregoing, Frost/BSW shall, within forty-five (45) days, marshal the documents responsive to Exhibit "A" and make them available for inspection by counsel for Sodexo and Plaintiff, who may thereafter designate those documents that they wish to have copied at their expense and with no expense to Frost/BSW.  The cost of marshalling the responsive documents (including identification and segregation of documents Frost/BSW believe are privileged) shall be borne by Frost/BSW (50%), Sodexo (25%) and Plaintiff (25%).

Regarding any documents as to which Frost/BSW object to producing on the basis of privilege, those documents are to be duly identified in a proper privilege log which includes, *inter alia*, the identity(s) of the party(s)/entity(s) on whose behalf a privilege is being asserted and a description of the document(s) that comports with Rule 45 of the Federal Rules of Civil Procedure.  A copy of the privilege log is to be furnished to the parties and to the Court within 45 days of this Order and the withheld documents themselves are to be provided to the Court for purposes of an *in camera* inspection.  The cost of copying any documents provided to the Court for *in camera* inspection pursuant to this Order is to be borne by Sodexo and Plaintiff on an equal basis.

The documents that are marshalled and are subject to the foregoing inspection protocol shall cover the time period commencing on May 1, 2008 and ending on a date that is to be agreed upon by counsel.

Finally, as to the notice of the Rule 30(b)(5)/(6) deposition of BSW that is contemplated by Plaintiff, Plaintiff's counsel is to ensure that any document request issued in connection with such Notice is in no way duplicative of the requests set forth in the above-referenced subpoena issued by Sodexo and modified hereinabove by the Court.

New Orleans, Louisiana, this 16th day of May, 2014.

---

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE