UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE GULF STATES                                   CIVIL ACTION
LONG TERM ACUTE CARE
OF COVINGTON, L.L.C.                                NUMBER: 11-1659
                                                    c/w 13-0508
DAVID W. ADLER,
DISBURSING AGENT                                    SECTION: "H"(5)

VERSUS

GREGORY M. WALKER, ET AL.


**ORDER AND REASONS**

Before the Court is the Objection to Subpoena Duces Tecum Issued to Regions Bank, Motion to Quash and Motion for Protective Order (Rec. doc. 633) filed by non-party, Bogalusa Healthcare Properties, L.L.C., ("BHP"), whose records are the target of the subject subpoena. (Rec. doc. 584). Plaintiff, David Adler, who served the subpoena on Regions Bank, opposes the Motion, arguing that the records he seeks are relevant to the subject matter of his claims in this litigation. The Court has reviewed all of the pleadings associated with the Motion and the attachments thereto and has entertained lengthy oral argument on the matter from counsel for both movant and Mr. Adler. (Rec. docs. 584, 633, 652, 655). Based on all of the aforementioned, the Court finds that the Motion is not well-taken and that Mr. Adler is entitled to seek the records from Regions Bank that are the subject of the subpoena.

1

In its Motion, BHP correctly points the Court to the salient authorities governing disclosure of third-party bank records in Louisiana.  BHP cites *Dana Johno, LLC v. Centennial Ins. Co.*, for the proposition that

> Ordinarily, documents such as bank record and tax returns are confidential documents. The exclusive method for obtaining records from a bank is found in LSA-R.S. 6:333. LSA-R.S. 6:333(C) allows a bank to disclose financial records pursuant to a disclosure demand, but only if the statutory requirements are met prior to such disclosure. **Additionally, in order to require the production of bank records over an objection, a party seeking production must make showings of relevancy and of good cause for production.**

891 So. 2d 32, 34 (La. App. 4th Cir. 2004).  The bold-faced burden of proof language above is quoted from the *Washita National Bank of Monroe v. Palowsky* case,[1] which the *Johno* Court refers to as the "seminal case detailing what is needed to obtain bank records" in Louisiana. *Id.*  While it is unclear to this Court whether *Palowsky* is "seminal" as to any particular question raised by the BHP Motion, that case and the analysis therein by which the *Palowsky* Court confected the above-quoted burden of proof are nonetheless instructive here.

The *Palowsky* Court began its analysis by noting that the exclusive method by which a litigant may obtain customer records from a bank under Louisiana law is found in Louisiana Revised Statute 6:333.  That statute, which has been amended since the *Palowsky* opinion was issued,[2] still governs disclosure of bank records pursuant to subpoenas issued in litigation.  However, a detailed analysis of the provisions of that statute is unnecessary

---

[1] 554 So. 2d 108 (La. App. 2d Cir. 1989).
[2] *See* La. R.S. 6:333., as amended by 2014 La. Sess. Law Serv. Act 356 (H.B. 1133).

here, as BHP has not argued that Plaintiff failed to comply with any of its terms.  Rather, BHP argues (1) the materials sought are confidential and (2) are irrelevant to any claims raised by Adler in this matter.

The *Palowsky* decision speaks partially to these arguments.  It does not, contrary to the suggestion of BHP, hold that all bank records are intrinsically confidential.  That notion was dismissed as "unpersuasive" by the Middle District of Louisiana in a case that stated that "[*Palowsky*] stands, at most, for the proposition that a bank customer's records must be relevant to the claims in the litigation" in order to be discoverable.  *Keybank Nat. Ass'n v. Perkins Rowe Associates, LLC,* No. 09-CV-0497, 2010 WL 4696637, at *2 n. 8 (M.D. La. Nov. 12, 2010), *review denied*, 2011 WL 90108 and 2011 WL 338470 (M.D. La. Jan. 11 and 31, 2011).

The simple question here, then, is whether the records sought by Adler are relevant to the subject matter of his claims.  This Court is convinced that they are.

Specifically, the Court notes the following allegations, set forth in Adler's Opposition:

> 7.
>
> It now appears that in addition to the Gemino loan, a second, undisclosed loan was taken out in the name of Bogalusa Healthcare Services,[3] for which GSHS, Health Services Group of Louisiana and its physician owners were responsible for repaying.  Evidence of this loan is reflected in a Commercial Loan statement from Regions Bank dated February 13, 2009 showing an amount due of $103,317.87 from Bogalusa Healthcare.[4]  In response to receipt of this statement, Kellie Martin, bookkeeper for Maurin and Bogalusa Healthcare, directed an e-mail to Maurin stating:

---

[3] At oral argument, counsel for Adler stated on the record that the reference in brief to "Bogalusa Healthcare Services" was intended to refer to "Bogalusa Healthcare Properties, LLC."

[4] *See* Statement from Regions Bank dated February 13, 2005, attached as Exhibit "D" to Adler's Memorandum (Rec. doc. 633-4).

3

> "This IS NOT the Healthcare Loan, <u>this is for the loan Greg took out in Bogalusa's name</u>… [t]he whole amount of $103,317.87 will be auto-drafted from Account No. 542072725 (a Gulf States Account) on March 2, 2009.  You want to make Chris aware of it so he can plan accordingly."[5]
>
> 8.
> It appears that Walker, with the knowledge, if not participation of Maurin, borrowed money in the name of the Bogalusa operating company, but used these funds, like the funds from the Gemino loan, for the benefit of GSHS which, in turn, was funding Walker and Maurin's Texas operations. Plaintiff respectfully submits that those records are relevant and material to the allegations of the Complaint.

(Rec. doc. 633, at p. 4).  Exhibit "D," which Adler references in paragraph 7 above, is a copy of a "Commercial Loan Statement" bearing Customer Number 52-0430000194, in the amount of $103,317.87.  (Rec. doc. 633-4).  At oral argument, counsel for BHP confirmed on the record that the aforementioned customer number was that of BHP – the non-party subject of the Regions Bank subpoena and movant herein.

After considering the totality of the evidence, including counsel's arguments at the hearing on BHP's Motion, the Court finds that Adler has made a showing of relevance and good cause for production of the materials sought by his subpoena to Regions Bank. Accordingly, the Objection to Subpoena Duces Tecum Issued to Regions Bank, Motion to Quash and Motion for Protective Order filed by BHP is hereby **DENIED**.

---

[5] *See* E-mail form Martin to Maurin dated February 19, 2009, attached as Exhibit "E" to Adler's Memorandum (Rec. doc. 633-5).

4

Any BHP documents obtained from Regions Bank pursuant to the subject subpoena shall be subject to the Protective Order previously issued in this matter.

New Orleans, Louisiana, this  23rd  day of                June              , 2014.

                                                                                    _____
                                                                                            MICHAEL B. NORTH
                                                                                 UNITED STATES MAGISTRATE JUDGE